**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BYRON WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES DIVISION OF PUBLIC AND BEHAVIORAL HEALTH,<br><br>　　　　　Defendant. | Case No. 2:19-cv-02087-APG-BNW<br><br>**ORDER** |

Plaintiff Byron Williams is an inmate in the Nevada Department of Corrections who is proceeding pro se. He alleges that the Department of Health and Human Services Division of Public and Behavioral Health did not conduct an investigation into certain alleged physical abuse. He moves to proceed *in forma pauperis*. (IFP Application (ECF No. 1).) Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Plaintiff's request to proceed *in forma pauperis*, therefore, will be granted. The Court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915A.

**I.　ANALYSIS**

　**A.　Screening standard**

Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act

1    requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief
2    may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).
3         Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for
4    failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668
5    F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient
6    factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*
7    *v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only
8    dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of
9    his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
10   2014) (quoting *Iqbal*, 556 U.S. at 678).
11        In considering whether the complaint is sufficient to state a claim, all allegations of
12   material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
13   *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
14   Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
15   must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
16   544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
17   Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
18   plaintiff should be given leave to amend the complaint with notice regarding the complaint's
19   deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).
20        **B.    Screening the complaint**
21        In his complaint, Plaintiff alleges that "doctors" beat him and his sister. (Compl. (ECF No.
22   1-1 at 4).) He states that the Department of Health and Human Services Division of Public and
23   Behavioral Health's Complaint Coordinator refused to investigate his allegation. *Id*. He explains
24   that the Complaint Coordinator reasoned that it was unsure whether the same staff members
25   allegedly involved in the incident would still be employed with the facility after 12 months. *Id*.
26   According to Plaintiff, the Department had a duty to investigate his complaint. *Id*. And it
27   breached this duty by not investigating. *Id*. As a result, Plaintiff seeks a million dollars in
28   monetary damages. *Id*. at 9.

Even liberally construing the complaint, Plaintiff does not state a claim against the Department of Health and Human Services Division of Public and Behavioral Health. While Plaintiff generally describes the underlying circumstances that prompted him to file this lawsuit, he does not provide sufficient factual allegations for the Court to understand which legal claims he seeks to assert against this defendant. Without additional factual allegations regarding the underlying dispute and the Departments' role in the case, the Court is unable to determine exactly what claims Plaintiff is attempting to allege against the defendant. Additionally, whereas the caption in Plaintiff's complaint lists the Department of Health and Human Services Division of Public and Behavioral Health as the defendant, he later names the Department's Complaint Coordinator as the only defendant. *Id*. at 2.

The Court, therefore, will dismiss Plaintiff's complaint for failure to state a claim, but with leave to file an amended complaint to clarify the claims and defendants in this matter, as well as the Court's jurisdiction in this case.

To help Plaintiff file a properly formatted complaint, the Court now advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure. Plaintiff is also advised that failure to comply with these rules when drafting and filing his amended complaint may result in this action being dismissed.

First, Plaintiff is advised that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in plain language, what each defendant did to him and when. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Second, Plaintiff's amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint

must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Third, Plaintiff may not raise multiple unrelated claims in a single lawsuit. The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended to avoid confusion, which arises out of bloated lawsuits.

Lastly, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file his amended complaint on this Court's approved form, which the Clerk of Court will send Plaintiff.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Mr. Williams' application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must detach and file Mr. Williams' complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Mr. Williams' complaint is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Plaintiff a copy of the prisoner, pro se form complaint.

IT IS FURTHER ORDERED that if Plaintiff chooses to amend his complaint, he must do so by November 13, 2020. If Plaintiff chooses not to amend his complaint, this Court will recommend that his case be dismissed.

DATED: October 14, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE